**In the Matter of Nicholas J. ANAST.**

**No. 45S00–9209–DI–724.**

Supreme Court of Indiana.

May 12, 1994.

No Appearance for respondent.

Charles M. Kidd, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Comm'n.

### DISCIPLINARY ACTION

PER CURIAM.

The Respondent in this case, Nicholas J. Anast, has been charged with very serious professional misconduct predicated on his conviction in the United States District Court, Northern District of Indiana, of Racketeering, Conspiracy, Obstruction of Justice, Witness Tampering, Perjury and Corruptly Endeavoring to Influence an Officer of the Court. Respondent did not appear for sentencing on such convictions and, currently, is a fugitive from justice. In the present disciplinary proceeding, upon failure of service by mail, constructive service was obtained on Respondent; he did not appear. As set forth in Ind.Admission and Discipline Rule 23, a hearing was conducted in the absence of the Respondent and the Hearing Officer has tendered for this Court's approval his Findings of Fact, Conclusions of Law, and Recommendation. There is no petition for review.

Respondent has been charged under Ind.Professional Conduct Rule 1.2(d) with assisting a client in conduct known to be criminal or fraudulent; under Prof.Cond.R. 3.3(a)(1) with making a false statement of fact or law to a tribunal; under Prof.Cond.R. 3.4(a) with unlawfully obstructing another party's access to evidence or unlawfully altering, destroying or concealing a document or other material having potential evidentiary value, or counselling or assisting another to do such acts; under Prof.Cond.R. 3.5(a) with seeking to influence an official through means prohibited by law; under Prof. Cond.R. 8.4(c) with engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; and under Prof.Cond.R. 8.4(b) with committing a criminal act that reflects adversely on his honesty, trustworthiness or fitness as a lawyer in other respects. As noted above, all such disciplinary charges emanate from Respondent's convictions in federal court.

Adopting the Hearing Officer's report, this Court now finds that the Respondent is a duly licensed attorney in the State of Indiana subject to the disciplinary jurisdiction of this Court. From 1983 through January, 1991, Respondent, using his law office, conspired with others to obtain titles to motor vehicles that Respondent knew to be stolen. The conspiracy involved filing false claims against fictitious defendants or co-conspirators to obtain default judgments. Additionally, Respondent filed mechanic's liens on the stolen vehicles. Using this documentation, Respondent constructed fraudulent court orders which were processed for valid title through the Bureau of Motor Vehicles.

We further find that Respondent counselled and assisted certain clients as to how to obtain money through insurance fraud.

Respondent helped obtain monies from insurance companies for property loss purported to be accidentally damaged or destroyed, though Respondent knew this claim to be false and fraudulent as Respondent was aware that this property was purposefully and intentionally damaged or destroyed.

By reason of the above noted wrongful conduct, Respondent was investigated by the Federal Bureau of Investigation and other authorities. During the course of these investigations, Respondent instructed co-conspirators or potential government witnesses to avoid being questioned or served with subpoenas. Respondent paid certain co-conspirators to help them avoid service of process or to persuade them to testify falsely.

Respondent was indicted and released on bond. During the course of several hearings on the government's Motion for Bond Revocation, Respondent committed perjury. On September 26, 1991, Respondent was found guilty in the United States District Court, Northern District of Indiana, of Racketeering, Conspiracy, Obstruction of Justice, and Witness Tampering. He was released on bond and placed on probation pending sentencing. While on probation, Respondent endeavored to influence his probation officer in an attempt to lessen the restrictions of his probation. Respondent was then charged and convicted of Perjury and Corruptly Endeavoring to Influence an Officer of the Court. Respondent failed to appear for sentencing on January 9, 1992; his bond was revoked; and two warrants were issued for Respondent's arrest.

The Hearing Officer concluded that Respondent engaged in professional misconduct as charged. We completely agree and so find.

It is now the duty of this Court to determine what disciplinary action should be taken by reason of the professional misconduct found in this case. In this process, we seek to protect the public, the profession, and the courts from conduct detrimental to the administration of justice. Clearly, Respondent must be sanctioned for his act.

Respondent's misconduct is egregious. There is no mitigation or justification. Respondent failed to meet this obligation for professional service, failed to meet any standard of professional behavior, and, by his conduct, brought severe discredit to the legal profession. He is corrupt, deceitful, dishonest, and greedy. This professional misconduct warrants the strongest condemnation possible.

It is, therefore, ordered that the Respondent, Nicholas J. Anast, be and hereby is disbarred as an attorney in the State of Indiana. The Clerk of this Court is directed to strike his name from the roll of attorneys at the Bar of this State.

Costs of this proceeding are assessed against the Respondent.